**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| ST. PAUL FIRE AND MARINE | § | |
| INSURANCE COMPANY, | § | |
|     Appellant, | § | **CIVIL ACTION NO. H-07-0580** |
| | § | |
| v. | § | |
| | § | Bankruptcy Case No. 05-37623 |
| CENTURY ASPHALT MATERIALS, | § | Adversary Case No. 05-3808 |
| LLC, | § | |
|     Appellee. | § | |

**MEMORANDUM AND ORDER**

Appellant St. Paul Fire and Marine Insurance Company ("St. Paul") appeals from the January 31, 2007 Final Judgment entered by the United States Bankruptcy Court for the Southern District of Texas denying St. Paul's Motion for Summary Judgment and granting summary judgment in favor of Appellee Century Asphalt Materials, LLC ("Century Asphalt"). Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court must **reverse** the Bankruptcy Court's decision.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The material facts are undisputed. Debtor Contractor Technology, Ltd. ("Contractor Technology") was the prime contractor on public works projects in Texas.

St. Paul was the surety with whom Contractor Technology executed payment bonds as required by Chapter 2253 of the Texas Government Code.

Century Asphalt furnished materials to Contractor Technology in March 2005. Contractor Technology paid for the materials with two checks. The first, Check No. 3127, cleared on May 16, 2005. The second, Check No. 3360, cleared on May 19, 2005.

The payments to Century Asphalt were challenged by the Bankruptcy Trustee pursuant to 11 U.S.C. § 549 as unauthorized post-petition transfers. The Trustee and Century Asphalt settled this dispute by Century Asphalt agreeing to pay $115,000 to the Trustee. The Bankruptcy Court approved the settlement on August 15, 2006.

On January 3, 2007, the Bankruptcy Court issued its Memorandum Opinion denying St. Paul's Motion for Summary Judgment and granting summary judgment in favor of Century Asphalt. The Bankruptcy Court held that St. Paul was obligated under the payment bond notwithstanding Century Asphalt's undisputed noncompliance with the notice requirements of the McGregor Act, section 2253.041 of the Texas Government Code.[1] On January 31, 2007, the Bankruptcy Court entered Final Judgment consistent with the Memorandum Opinion. This appeal followed.

---

[1] As is discussed in more detail below, § 2253.041 requires the payment bond beneficiary to provide written notice to the surety by the "15th day of the third month after each month in which . . . any of the claimed material was delivered." TEX. GOV'T CODE § 2253.041(b).

## II.   STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo*, and findings of fact are reviewed under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005). Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006).

## III.   ANALYSIS

### A.   Chapter 2253 of the Texas Government Code

Contractor Technology, as a prime contractor on a public works projects in Texas, was required by the McGregor Act to execute a payment bond. *See* TEX. GOV'T CODE § 2253.021. The purpose of the McGregor Act is to protect those who furnish labor and materials for public work projects "since no lien can exist against public works, and to provide a simple and direct method of giving notice and perfecting such claims." *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 886 n.6 (Tex. App. – San Antonio 1996, pet. denied). In this case, Contractor Technology obtained the payment bond through St. Paul.

A payment bond beneficiary may sue the surety on the payment bond "if the claim is not paid before the 61st day after the date the notice for the claim is mailed." TEX. GOV'T CODE § 2253.073. In order to have a claim under § 2253.073, the payment bond beneficiary must give written notice to the prime contractor and the

surety and the notice "must be mailed on or before the 15th day of the third month after each month in which . . . any of the claimed material was delivered." TEX. GOV'T CODE § 2253.041.

Century Asphalt delivered material to Contractor Technology in March 2005, and it is undisputed that notice under § 2253.041 was required by June 15, 2005. It is also undisputed that Century Asphalt did not mail written notice to St. Paul by June 15, 2005. Century Asphalt, therefore, failed to comply with the requirements of § 2253.041.

### B. Effect of Avoided Transfer

The Trustee argued that the checks to Century Asphalt that were issued pre-petition and that cleared post-petition were avoidable as post-petition transfers under 11 U.S.C. § 549. Century Asphalt disagreed, but eventually settled the matter with the Trustee. Pursuant to the parties' settlement, Century Asphalt repaid $115,000.00 of the $117,559.39 that it had been paid by Contractor Technology.

The Bankruptcy Court held that the settlement caused the original payments from Contractor Technology to Century Asphalt to be avoided. The Bankruptcy Court then held that the each avoided payment should be treated as a "transaction which has no effect or as though it never occurred." *See* Memorandum Opinion [Doc. # 54 in Adversary No. 05-3808], p. 9. The Bankruptcy Court stated that the parties should be

returned to their respective positions on the day the payments were made, effectively returning Century Asphalt "to a position as if it had never been paid for the material supplied." *See id.*

Even if the effect of Century Asphalt's settlement with the Trustee[2] was to return Century Asphalt to the position it would have held in May 2005 if the Debtor (Contractor Technology) had not paid for the material Century Asphalt provided, Century Asphalt would still be required under § 2253.041 to provide written notice "on or before the 15th day of the third month *after . . . any of the claimed material was delivered*." TEX. GOV'T CODE § 2253.041(b) (emphasis added). The parties have not cited and this Court has not located any legal authority that enables an avoidance under the Bankruptcy Code of a transfer to excuse compliance with state statutory prerequisites such as the § 2253.041 notice requirement. Therefore, avoidance of Contractor Technology's payments to Century Asphalt in the absence of Century Asphalt's notice to St. Paul on or before June 15, 2005, does not satisfy the statutory

---

[2]  The Court need not decide whether Century Asphalt's payment to the Trustee pursuant to the parties' settlement constitutes an avoided transfer.

notice deadline in § 2253.041.³  The Bankruptcy Court's decision to the contrary must be reversed.

### C. **Equitable Estoppel**

Because Century Asphalt did not provide St. Paul with the statutorily required notice of non-payment on or before June 15, 2005, as required by § 2254.041, the Bankruptcy Court held that the doctrine of equitable estoppel applied to extend the deadline for Century Asphalt to provide the § 2253.041 written notice. The § 2253.041 notice requirement is not a statute of limitations, but is a substantive condition precedent to maintaining a claim on a payment bond. *See Bunch Elec. Co. v. Tex-Craft Builders, Inc.*, 480 S.W.2d 42, 45 (Tex. Civ. App. – Tyler 1972, no pet.) (citing *Gen. Cas. Co. of Am. v. United States*, 205 F.2d 753, 755 (5th Cir. 1953)); *Harvest Constr. Team v. Hartford Fid. and Bonding*, 2003 WL 23095668 *2 n.1 (Tex. App. – Dallas Dec. 31, 2003, pet. denied).  The equitable tolling doctrine applies only "to the affirmative defense of limitations" and not to cases involving a "jurisdictional statutory prerequisite." *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App. – Austin

---

³ Century Asphalt and the Trustee settled their dispute in this adversary proceeding in a timely manner, and the Bankruptcy Courts in this district work quickly and efficiently.  In other situations, however, an avoidance proceeding could be vigorously disputed and could take an extended period of time to resolve.  The Texas Legislature has determined that such uncertainty and delay are not acceptable in connection with asserting claims against payment bonds in connection with public works projects. *See* TEX. GOV'T CODE § 2253.041; *Chilton Ins. Co.*, 930 S.W.2d at 886 n.6.

2003, pet. denied). Consequently, equitable tolling is unavailable to satisfy the notice requirement of § 2253.041.

Even were the Court to extend the equitable estoppel doctrine to apply to statutory prerequisites, it could not extend the doctrine to such an extent that it "completely overrule[s] the choices made by the legislature." *See Heart Hosp.*, 116 S.W.3d at 836. Moreover, even where equitable estoppel applies, the claimant must act diligently. *See id.* A payment bond beneficiary will often receive prompt notice of the contractor's bankruptcy, at least by the time an adversary proceeding is filed by the Trustee. In this case, Century Asphalt received notice of Contractor Technology's bankruptcy no later than when it was served with the adversary proceeding in November 2005. At that point, Century Asphalt was required to act diligently to mail written notice to the surety as required by § 2253.041. Consequently, even were the Court to apply equitable estoppel in this case – which it cannot – application of the doctrine would not cause Century Asphalt's written notice, mailed in August 2006, to substantially comply with Chapter 2253's notice requirements. The Bankruptcy Court's decision to the contrary must be reversed.

## IV.   CONCLUSION

The undisputed evidence establishes that Century Asphalt did not substantially comply with the notice requirements of § 2253.041 of the Texas Government Code.

As a result, Century Asphalt cannot pursue a claim against the payment bond. Because the notice requirement is a condition precedent and not a statute of limitations, equitable estoppel does not apply. Even if equitable estoppel could be applied, Century Asphalt did not act diligently – upon learning of Contractor Technology's bankruptcy and of the Trustee's position that the payments were avoidable – to give St. Paul, the surety, notice of its claim for payment under the bond. Accordingly, it is hereby

**ORDERED** that the January 31, 2007 Final Judgment entered by the United States Bankruptcy Court is **REVERSED**. The adversary proceeding is remanded to the Bankruptcy Court for entry of summary judgment in St. Paul's favor.

SIGNED at Houston, Texas, this **18th** day of **May, 2007**.

_____
Nancy F. Atlas
United States District Judge